IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

MACHA IP LLC

      PLAINTIFF,

  v.

                                 CIVIL ACTION NO. _____

A&R ALLIED ENTERPRISE, INC.;
AMAZON.COM, INC. D/B/A AMAZON.COM;
BAUER HOCKEY, INC. D/B/A BAUER D/B/A
BAUER.COM;
BOB PERANI SPORTS SHOP, INC. D/B/A
BOB PERANI'S D/B/A BOB PERANI'S
HOCKEY SHOP D/B/A PERANI'S HOCKEY
WORLD D/B/A HOCKEYWORLD.COM;
CANSTAR SPORTS, INC.;
DICK'S SPORTING GOODS, INC. D/B/A
DICK'S SPORTING GOODS D/B/A
DICKSSPORTINGGOODS.COM;
EASTON-BELL SPORTS, INC. D/B/A
EASTON HOCKEY D/B/A
EASTONHOCKEY.COM;
EHMKE MANUFACTURING CORP., INC.
D/B/A WEBB GEAR D/B/A WEBB-
GEAR.COM;
INLINE WAREHOUSE, LLC D/B/A ICE
WAREHOUSE D/B/A
ICEWAREHOUSE.COM;
MONKEYSPORTS, INC. D/B/A
MONKEYSPORTS D/B/A
MONKEYSPORTS.COM D/B/A HOCKEY
MONKEY D/B/A HOCKEYMONKEY.COM;
NATIONAL HOCKEY LEAGUE D/B/A NHL
D/B/A SHOP.NHL.COM;
NHL ENTERPRISES, INC. D/B/A
SHOP.NHL.COM;
NHL ENTERPRISES, L.P. D/B/A
SHOP.NHL.COM;
NHL INTERACTIVE CYBERENTERPRISES,
LLC D/B/A SHOP.NHL.COM;
PBECOMMERCE, LLC D/B/A
PLAYERSBENCH D/B/A
PLAYERSBENCH.COM;

PLAYER'S BENCH CORP. D/B/A
PLAYERSBENCH D/B/A
PLAYERSBENCH.COM;
PLAYERS BENCH LLC D/B/A PLAYERS
BENCH D/B/A PLAYERSBENCH.COM;
REEBOK INTERNATIONAL, LTD. D/B/A
REEBOK D/B/A REEBOKHOCKEY.COM
D/B/A CCMHOCKEY.COM;
REEBOK-CCM HOCKEY, INC.;
REEBOK-CCM HOCKEY US, INC. D/B/A
CCM HOCKEY D/B/A CCM D/B/A
REEBOKHOCKEY.COM D/B/A
CCMHOCKEY.COM;
ROLLER DERBY SKATE CORP. D/B/A
TOUR HOCKEY D/B/A
TOURHOCKEY.COM;
SPORTSGIANT, LLC D/B/A HOCKEY
GIANT HOCKEYGIANT.COM;
THE SPORTS AUTHORITY, INC. D/B/A
SPORTS AUTHORITY D/B/A
SPORTSAUTHORITY.COM;
TOTAL HOCKEY, INC. D/B/A TOTAL
HOCKEY D/B/A TOTALHOCKEY.COM;
AND
WARRIOR SPORTS, INC. D/B/A WARRIOR
SPORTS D/B/A WARRIORSPORTS.COM,

      DEFENDANTS.               JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Macha IP LLC files this Complaint against A&R ALLIED ENTERPRISE, INC.;

AMAZON.COM, INC. D/B/A AMAZON.COM; BAUER HOCKEY, INC. D/B/A BAUER

D/B/A BAUER.COM; BOB PERANI SPORTS SHOP, INC. D/B/A BOB PERANI'S D/B/A

BOB PERANI'S HOCKEY SHOP D/B/A PERANI'S HOCKEY WORLD D/B/A

HOCKEYWORLD.COM; CANSTAR SPORTS, INC.; DICK'S SPORTING GOODS, INC.

D/B/A DICK'S SPORTING GOODS D/B/A DICKSSPORTINGGOODS.COM; EASTON-

BELL SPORTS, INC. D/B/A D/B/A EASTON HOCKEY D/B/A EASTONHOCKEY.COM;

EHMKE MANUFACTURING CORP., INC. D/B/A WEBB GEAR D/B/A WEBB-

GEAR.COM; INLINE WAREHOUSE, LLC D/B/A ICE WAREHOUSE D/B/A ICEWAREHOUSE.COM; MONKEYSPORTS, INC. D/B/A MONKEYSPORTS D/B/A MONKEYSPORTS.COM D/B/A HOCKEY MONKEY D/B/A HOCKEYMONKEY.COM; NATIONAL HOCKEY LEAGUE D/B/A NHL D/B/A SHOP.NHL.COM; NHL ENTERPRISES, INC. D/B/A SHOP.NHL.COM; NHL ENTERPRISES, L.P. D/B/A SHOP.NHL.COM; NHL INTERACTIVE CYBERENTERPRISES, LLC D/B/A SHOP.NHL.COM; PBECOMMERCE, LLC D/B/A PLAYERSBENCH D/B/A PLAYERSBENCH.COM; PLAYER'S BENCH CORP. D/B/A PLAYERSBENCH D/B/A PLAYERSBENCH.COM; PLAYERS BENCH LLC D/B/A PLAYERS BENCH D/B/A PLAYERSBENCH.COM; REEBOK INTERNATIONAL, LTD. D/B/A REEBOK D/B/A REEBOKHOCKEY.COM D/B/A CMHOCKEY.COM; REEBOK-CCM HOCKEY, INC. D/B/A CCM HOCKEY D/B/A CCM D/B/A REEBOKHOCKEY.COM D/B/A CCMHOCKEY.COM; REEBOK-CCM HOCKEY US, INC. D/B/A CCM HOCKEY D/B/A CCM D/B/A REEBOKHOCKEY.COM D/B/A  CCMHOCKEY.COM; ROLLER DERBY SKATE CORP. D/B/A TOUR HOCKEY D/B/A TOURHOCKEY.COM; SPORTSGIANT, LLC D/B/A HOCKEY GIANT HOCKEYGIANT.COM; THE SPORTS AUTHORITY, INC. D/B/A SPORTS AUTHORITY D/B/A SPORTSAUTHORITY.COM; TOTAL HOCKEY, INC. D/B/A TOTAL HOCKEY D/B/A TOTALHOCKEY.COM; AND WARRIOR SPORTS, INC. D/B/A WARRIOR SPORTS D/B/A WARRIORSPORTS.COM, (collectively "Defendants"), as follows:

**PARTIES**

1.      Plaintiff Macha IP LLC ("Macha" or "Plaintiff") is a Texas LLC with its place of business in Longview, Texas.

2.      On information and belief, Defendant A&R ALLIED ENTERPRISE, INC. ("A&R ALLIED") is a New Jersey corporation with a place of business in Ridgefield, New Jersey.

3.      On information and belief, Defendant AMAZON.COM, INC. D/B/A AMAZON.COM ("AMAZON") is a Delaware corporation with a place of business in Seattle, Washington.

4.      On information and belief, Defendant BAUER HOCKEY, INC. D/B/A BAUER D/B/A BAUER.COM ("BAUER") is a New Hampshire corporation with a place of business in Greenland, New Hampshire.

5.      On information and belief, Defendant BOB PERANI SPORTS SHOP, INC. D/B/A BOB PERANI'S D/B/A BOB PERANI'S HOCKEY SHOP D/B/A PERANI'S HOCKEY WORLD D/B/A HOCKEYWORLD.COM ("PERANI") is a Michigan corporation with a place of business in Flint, Michigan.  Bob Perani Sport Shops is qualified to do business in the State of Texas.

6.      On information and belief, Defendant CANSTAR SPORTS, INC. ("CANSTAR") is a Canadian entity with a place of business in Ville Mont-Royal, Quebec, Canada

7.      On information and belief, Defendant DICK'S SPORTING GOODS, INC. D/B/A DICK'S SPORTING GOODS D/B/A DICKSSPORTINGGOODS.COM ("DICK'S SPORTING GOODS") is a Delaware corporation with a place of business in Coraopolis, Pennsylvania. Dick's Sporting Goods is qualified to do business in the State of Texas.

8.     On information and belief, Defendant EASTON-BELL SPORTS, INC. D/B/A EASTON HOCKEY D/B/A EASTONHOCKEY.COM ("EASTON") is a Delaware corporation with a place of business in Van Nuys, California.

9.     On information and belief, Defendant EHMKE MANUFACTURING CORP., INC. D/B/A WEBB GEAR D/B/A WEBB-GEAR.COM ("EHMKE") is a Pennsylvania corporation with a place of business in Philadelphia, Pennsylvania.

10.     On information and belief, Defendant INLINE WAREHOUSE, LLC D/B/A ICE WAREHOUSE D/B/A ICEWAREHOUSE.COM ("INLINE WAREHOUSE") is a California corporation with a place of business in San Luis Obispo, California.

11.     On information and belief, Defendant MONKEYSPORTS, INC. D/B/A MONKEYSPORTS D/B/A MONKEYSPORTS.COM D/B/A HOCKEY MONKEY D/B/A HOCKEYMONKEY.COM ("MONKEYSPORTS") is a California corporation with a place of business in Corona, California.

12.     On information and belief, Defendant NATIONAL HOCKEY LEAGUE D/B/A NHL D/B/A SHOP.NHL.COM ("NATIONAL HOCKEY LEAGUE") is a Delaware entity with a place of business in New York, New York.

13.     On information and belief, Defendant NHL ENTERPRISES, INC. D/B/A SHOP.NHL.COM ("NHLEI") is a Delaware corporation with a place of business in New York, New York.

14.     On information and belief, Defendant NHL ENTERPRISES, L.P. D/B/A SHOP.NHL.COM ("NHLELP") is a Delaware corporation with a place of business in New York, New York.

15. On information and belief, Defendant NHL INTERACTIVE CYBERENTERPRISES, LLC D/B/A SHOP.NHL.COM ("NHL INTERACTIVE") is a Delaware corporation with a place of business in New York, New York. NATIONAL HOCKEY LEAGUE, NHLEI, NHLELP and NHL INTERACTIVE are hereinafter referred to collectively as "NHL."

16. On information and belief, PBECOMMERCE, LLC D/B/A PLAYERSBENCH D/B/A PLAYERSBENCH.COM ("PBECOMMERCE") is a Colorado LLC with a place of business in Denver, Colorado.

17. On information and belief, PLAYER'S BENCH CORP. D/B/A PLAYERSBENCH D/B/A PLAYERSBENCH.COM ("PBC") is a Colorado corporation with a place of business in Denver, Colorado.

18. On information and belief, PLAYERS BENCH LLC D/B/A PLAYERS BENCH D/B/A PLAYERSBENCH.COM ("PBLLC") is a Colorado corporation with a place of business in Denver, Colorado. PBECOMMERCE, PBC AND PBLLC are hereinafter collectively referred to as "PLAYERS BENCH."

19. On information and belief, Defendant REEBOK INTERNATIONAL, LTD. D/B/A REEBOK D/B/A REEBOKHOCKEY.COM D/B/A CCMHOCKEY.COM ("REEBOK INTL.") is a Massachusetts limited partnership with place of business in Canton, Massachusetts. Reebok is qualified to do business in the State of Texas.

20. On information and belief, Defendant REEBOK-CCM HOCKEY, INC. ("RCCMHI") is a Canadian company with a place of business in Quebec, Canada.

21. On information and belief, Defendant REEBOK-CCM HOCKEY US, INC. D/B/A CCM HOCKEY D/B/A CCM D/B/A REEBOKHOCKEY.COM D/B/A

CCMHOCKEY.COM ("RCCMHUSI") is a is Vermont corporation with its place of business in Montreal, Quebec, Canada. REEBOK INTL., RCCMHI and RCCMHUSI are hereinafter collectively referred to as "REEBOK."

22.     On information and belief, Defendant ROLLER DERBY SKATE CORP. D/B/A TOUR HOCKEY D/B/A TOURHOCKEY.COM ("TOUR HOCKEY") is an Illinois corporation with a place of business in Litchfield, Illinois.

23.     On information and belief, Defendant SPORTSGIANT, LLC D/B/A HOCKEY GIANT D/B/A HOCKEYGIANT.COM; ("SPORTSGIANT") is a California corporation with a place of business in Carlsbad, California.

24.     On information and belief, Defendant THE SPORTS AUTHORITY, INC. D/B/A SPORTS AUTHORITY D/B/A SPORTSAUTHORITY.COM; ("SPORTS AUTHORITY") is a Delaware corporation with a place of business in Englewood, Colorado.

25.     On information and belief, Defendant TOTAL HOCKEY, INC. D/B/A TOTAL HOCKEY D/B/A TOTALHOCKEY.COM ("TOTAL HOCKEY") is a Missouri corporation with a place of business Maryland Heights, Missouri.

26.     On information and belief, Defendant WARRIOR SPORTS, INC. D/B/A WARRIOR SPORTS D/B/A WARRIORSPORTS.COM ("WARRIOR SPORTS") is a Missouri corporation with a place of business in Warren, Michigan.

## JURISDICTION AND VENUE

27.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, within this forum the Defendants have engaged in at least the offering for sale and/or selling of their accused products listed herein.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

28.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, Defendants are subject to personal jurisdiction in this district.  Without limitation, within this Judicial District the Defendants have engaged in at least the offering for sale and/or selling of the accused products listed herein.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this Judicial District. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial

revenue from goods and services provided to persons or entities in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,758,767

29.     United States Patent No. 5,758,767 ("the '767 Patent"), entitled "Hockey Stick Carrying Bag," was filed on September 26, 1996 and duly and legally issued on June 2, 1998.

30.     Macha is the assignee of the '767 Patent and it has standing to bring this lawsuit for infringement of the '767 Patent.

31.     The claims of the '767 Patent cover, *inter alia,* hockey stick carrying bags.

32.     On information and belief, all Defendants named herein have infringed the '767 Patent pursuant to 35 U.S.C. § 271.

33.     On information and belief, A&R ALLIED has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

34.     On information and belief, AMAZON has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

35.     On information and belief, BAUER has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

36.     On information and belief, PERANI has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

37.     On information and belief, CANSTAR has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

38.     On information and belief, DICK'S SPORTING GOODS has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

39.     On information and belief, EASTON has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

40.     On information and belief, EHMKE has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

41.     On information and belief, INLINE WAREHOUSE has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

42.     On information and belief, MONKEYSPORTS has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent. This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

43.     On information and belief, NHL has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent. This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

44.     On information and belief, PLAYERS BENCH has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent. This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

45.     On information and belief, REEBOK has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent. This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

46.     On information and belief, TOUR HOCKEY has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent. This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

47.     On information and belief, SPORTSGIANT has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767

Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

48.     On information and belief, SPORTS AUTHORITY has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

49.     On information and belief, TOTAL HOCKEY has sold and/or offered for sale hockey stick bags in the United States which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

50.     On information and belief, WARRIOR SPORTS has made, used, sold and/or offered for sale in the United States, and/or imported hockey stick bags into the United States, which are covered by one or more claims of the '767 Patent.  This Defendant is thus liable for infringement of the '767 Patent pursuant to 35 U.S.C. § 271.

51.     To the extent that facts learned in discovery show that Defendants' infringement are intentionally inducing others, including their customers, to infringe the '767 Patent, Plaintiff reserves the right to request such a finding at time of trial.

52.     To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

53.     As a result of Defendants' infringing conduct, Defendants have damaged Macha. Defendants are liable to Macha in an amount that adequately compensates Macha for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Macha respectfully requests that this Court enter:

1.      A judgment in favor of Macha that Defendants have infringed the '767 Patent;

2.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '767 Patent;

3.      A judgment and order requiring Defendants to pay Macha its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '767 Patent as provided under 35 U.S.C. § 284;

4.      An award to Macha for enhanced damages as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Macha its reasonable attorneys' fees; and

6.      Any and all other relief to which Macha may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


November 8, 2010.                           Respectfully submitted,

                                            MACHA IP LLDC

                                            By: /s/ Andrew W. Spangler
                                            Andrew W. Spangler – LEAD COUNSEL
                                            Texas Bar No. 24041960
                                            Spangler Law P.C.
                                            208 N. Green Street, Suite 300
                                            Longview, Texas 75601

(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

John J. Edmonds
Texas Bar No. 789758
Andrew P. Tower
Texas Bar No. 786291
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
atower@cepiplaw.com

ATTORNEYS FOR PLAINTIFF
MACHA IP LLC